(33 App. Div. 245.)

## ALCOTT v. VULTEE.

(Supreme Court, Appellate Division, First Department. August 10, 1898.)

DISSOLUTION OF PARTNERSHIP—APPOINTMENT OF RECEIVER.

 If two co-partners enter into an agreement dissolving the co-partnership, by which one is to withdraw, and the other, who is to be permitted to continue the business, agrees to assume and pay the co-partnership obligations, and, upon an accounting and appraisement, to pay a sum to be mutually agreed upon, the effect is to vest the property of the co-partnership in the continuing partner; and therefore, though the retiring partner still has a right to bring an action for an accounting and to recover the agreed amount, the appointment of a receiver of the property is improper.

Appeal from special term, New York county.

Action by Edward H. Alcott against Henry V. Vultee. From an order appointing a receiver, defendant appeals. Reversed.

Argued before BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

William S. Maddox, for appellant.

Robert L. Turk, for respondent.

PER CURIAM. This action was brought to wind up a co-partnership which had been dissolved by mutual consent and for a receiver. The partnership was formed by written articles of co-partnership dated March 11, 1897; and by an instrument in writing dated November, 1897, the partnership was by mutual consent dissolved. By this agreement of dissolution the plaintiff withdrew from the business carried on by the co-partnership, the defendant to continue the business as long as he should desire, and the parties agreeing that an inventory should be taken of the assets of the co-partnership and a statement of its liabilities. The defendant agreed to assume and pay the obligations of the co-partnership; and upon the accounting being had, and the appraisement being made of the assets of the co-partnership, the defendant was to pay over to the plaintiff such sum or sums which should be mutually agreed upon between them; and, in pursuance of this covenant, it seems that an inventory of the property of the corporation and a statement of its liabilities were made. The defendant had paid all the liabilities before this action was commenced, except a sum of $100 due an attorney, which was paid after the action was commenced, but before the order appointing the receiver was made, and two other small debts, aggregating $35, the nonpayment of which was explained by the defendant. There were some other contingent liabilities, the amount of which had not been adjusted or the liability of the co-partnership ascertained. In addition to these payments, it appeared that the defendant had paid the plaintiff upon the settlement of the business about $566. The effect of this agreement was that the property of the co-partnership was to vest in the defendant, the plaintiff withdrawing from the co-partnership. Upon this agreement, plaintiff's rights to the assets of the co-partnership terminated upon his accepting the personal covenant of the defendant that

the defendant would pay all the liabilities of the co-partnership and would account properly to him for his interest therein. While the plaintiff had a right to bring this action for an accounting, and recover from the defendant the amount that this defendant, under the agreement of dissolution, had agreed to pay the plaintiff, we do not think it was proper to appoint a receiver of the property, which had under the agreement ceased to be the property of the co-partnership, but had become the property of the defendant.

For this reason we think that the order was improperly granted, and should be reversed, with $10 costs, and the motion denied, with $10 costs.

Argued before BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.